IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR412-014
)
RONALD E. ADKINS, )
)
Defendant. )
)

O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 68), to which objections (Doc. 77) and a response to objections by the Government (Doc. 78) have been filed. After a careful de novo review of the record, the Court concludes that Defendant's objections are without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Defendant's Motion to Exclude Statements (Doc. 36) is **DENIED**.

Defendant contends that the two calls in issue were part of a privileged and ongoing, confidential psychotherapist-patient relationship. (Doc. 36 at 3.) While the two VA employees were licensed professionals and the calls were also confidential in nature, the Court agrees with the determination in the report and recommendation that no actual "diagnosis or treatment" occurred on these two calls to the local Veterans Administration ("VA") Clinic and the National Suicide

Prevention and Awareness Hotline.[1] (Doc. 68 at 5.) "Standing alone, the fact that a therapist has previously provided mental health care to a patient does not establish that a subsequent meeting was in the course of diagnosis or treatment." United States v. Romo, 413 F.3d 1044, 1047 (9th Cir. 2005). Further, "even in the face of an ongoing patient-therapist relationship, the patient and therapist may have contacts that do not involve therapy." Id.

Here, while Defendant may have spoken to a variety of other "psychotherapists" from the VA prior to making these calls, any privilege that may arise from those meetings is not automatically imputed onto the two telephone calls. According to the record, the VA employee—a registered nurse trained in substance abuse and mental health—merely took down basic information from Defendant during the first phone call and then contacted the Liberty County Sheriff's Office to have them visit Defendant and check on his welfare. (Doc. 77, Ex. 1 at 1.) In addition, the notes from the second call to the national VA suicide hotline contain no mention that the employee undertook any attempt to treat or diagnose Defendant. (Doc. 77, Ex. 2 at 1.) The notes simply provide intake-style information, with no

---

[1] Indeed, as both Defendant and the Government note, not all of the "responders" who answer the VA's Suicide Prevention and Awareness Hotline are even mental health professionals. (Doc. 77, Ex. D at 1, Doc. 78 at 4.)

2

comments of any diagnosis or treatment. The "Action Taken" section only indicates that Defendant "stayed on line until the call ended normally." (Id.) There is nothing to show that any mental health services were provided. Lastly, to the extent that Defendant claims any diagnosis occurred during the second call—namely, the notation that Defendant had suicidal ideations—such notation appears to simply restate what Defendant told the VA employee during the call, not represent an independent medical diagnosis. Defendant's statements are neither privileged nor excludable. Accordingly, the report and recommendation (Doc. 68) is adopted as the opinion in this case and Defendant's motion (Doc. 36) is denied.

SO ORDERED this 18th day of June 2012.

*[signature]*

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA